UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00405-FDW-DCK

| | |
|---|---|
| **HULL LOGISTICS, LLC, AND JONATHAN HULL,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **WERNER ENTERPRISES, INC., AND ECM TRANSPORT, LLC, AND ROY LAUMONT PAPE SR.,** ) <br> ) <br> **Defendants.** ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion for Partial Summary Judgment as to all direct negligence claims asserted by Plaintiffs against ECM Transport, LLC ("ECM") and Werner Enterprises, Inc. ("Werner"). (Doc. No. 18.) This matter is ripe for ruling, (Doc. Nos. 18, 20, 21), and for the reasons that follow, Defendants' Motion is GRANTED.

This action arises out of a motor vehicle accident that occurred on October 22, 2021, in Mecklenburg County, North Carolina. Defendant Pape was driving a tractor-trailer in the same direction as Plaintiff Jonathan Hull when Pape's vehicle collided with the rear of a vehicle operated by Janelle Perez, which then subsequently struck Hull's vehicle. Hull contends he was operating his vehicle in the course and scope of employment with Plaintiff Hull Logistics, LLC. Hull allegedly sustained injuries as a result of the accident. On July 6, 2023, Plaintiffs filed suit seeking to recover compensatory damages against Defendants asserting claims of negligence against Pape claims against ECM and Werner for vicarious liability and for negligent training and supervision.

Pursuant to the Case Management Order ("CMO") in this case, the parties' deadline for discovery closed on February 13, 2024, and the Court set a dispositive motions deadline of March

1

12, 2024.  On March 11, 2024, Defendants ECM and Werner moved for partial summary judgment only on the negligent training and supervision claim because they have admitted to responsibility under principles of respondeat superior for compensatory damages incurred by Plaintiff that are determined to be proximately related to the subject accident.  Plaintiff responds in opposition, and—remarkably—does not assert any argument or provide any evidence to create a genuine issue of material fact on this issue.  Instead, Plaintiffs simply argue they "have not yet had the opportunity to depose any of the Defendants or their corporate representatives" and—without making a proper motion—request pursuant to "Fed. R. Civ. P. 56(d)" that the Court "consider delaying consideration of this motion until that evidence can also be reviewed." (Doc. No. 20, pp. 2-3.)

Rule 56(d) provides that a district court must defer ruling on a summary-judgment motion if the party opposing the motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "The rule mandates that summary judgment be postponed when the nonmovant has not had the opportunity to discover information that is essential to his opposition.'" Hodgin v. UTC Fire & Sec. Americas Corp., 885 F.3d 243, 250 (4th Cir. 2018) (cleaned up; citing Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014); Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006)).  Importantly, Rule 56(d) "protect[s] the nonmovant from a premature grant of summary judgment . . . until the nonmovant has had a reasonable opportunity to discover information that is essential to its response." Hodgin, 885 F.3d at 250.  In considering whether to grant relief under this rule, a court can place "great weight" on "a Rule 56(d) affidavit that outlines the need for discovery and what additional facts litigants hope to uncover through discovery to properly defeat summary judgment." Dave & Buster's, Inc. v. White Flint Mall, LLLP, 616 F. App'x 552, 561 (4th Cir.

2015) (recognizing "the failure to file an affidavit under Rule 56 is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate" (quotation omitted)). "A reference to Rule 56(f) and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit." Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (cleaned up).

Here, Plaintiffs are not entitled to any postponement of a summary judgment ruling pursuant to Rule 56(d). First, Plaintiffs' request—made in its opposition brief—fails to appropriately move the Court for the relief sought under this Court's local rules. See LCvR 7.1 (c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading."). Second, Plaintiffs have not submitted an affidavit outlining specific facts they hope to obtain. And finally—if not most importantly—Plaintiffs had a reasonable opportunity to conduct discovery prior to the close of discovery, chose to not do so, and never sought to extend this deadline. In fact, Plaintiffs fail to provide *any reason* why they did not conduct discovery or the depositions they now seek to obtain during the discovery period set forth in the CMO. The Court declines to apply Rule 56(d) to postpone ruling on Defendants' motion.

Turning to Defendants' motion, Rule 56(a) provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248–49.

For the reasons stated in their Memorandum in Support and Reply Brief, Defendants ECM and Werner are entitled to summary judgment as to Plaintiffs' claims for negligent hiring and supervision. As noted above, Plaintiffs have failed to identify any evidence to create a genuine dispute of material fact on the direct negligence claim against these Defendants, and Defendants are entitled to judgment as a matter of law. See, e.g., Just. v. Greyhound Lines, Inc., No. 5:16-CV-132-FL, 2019 WL 267910, at *2 (E.D.N.C. Jan. 18, 2019) ("Under North Carolina law, a defendant employer's admission of vicarious liability, as here, eliminates a cause of action for direct liability under theories including negligent supervision, negligent retention, negligent training, negligent hiring, or negligent entrustment as a matter of law." (collecting cases)); Pracht v. Saga Freight Logistics, LLC, No. 3:13-CV-529, 2015 WL 5918037, at *8 (W.D.N.C. October 9, 2015) (applying North Carolina law; "Because [the defendant] is liable via respondeat superior, Plaintiffs' claims for negligent hiring, supervision, training, or retention against Saga cannot proceed . . . [and] Saga's Motion for Summary Judgment is granted . . . ."). Defendants' motion is therefore granted.

The CMO entered in this matter set a deadline for pretrial submissions and calendared this matter for trial on September 9, 2024. (Doc. No. 11). Since other claims remain among the parties, this case is ripe for trial as scheduled. Despite the prior deadlines set in the CMO, the Court modifies those deadlines and directs the parties file their jointly-prepared pretrial submissions required in CMO Section 4(c) no later than August 2, 2024. All motions in limine shall also be due August 2, 2024, with responses thereto to be filed by August 9, 2024. The Court will conduct a pretrial conference immediately following docket call in this matter on September 9, 2024.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Summary Judgment, (Doc. No. 18), is GRANTED.

**IT IS FURTHER ORDERED** that the parties' jointly-prepared pretrial submissions and motions in limine shall be due August 2, 2024, with responses to motions in limine due August 9, 2024.

**TAKE NOTICE** that a pretrial conference shall take place in this matter immediately following docket call on September 9, 2024.

**IT IS SO ORDERED.**

Signed: July 10, 2024

Frank D. Whitney
United States District Judge