IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-CV-405

|  |  |
|---|---|
| JONATHAN HULL AND HULL LOGISTICS, LLC<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ROY LAUMONT PAPE, SR., ECM TRANSPORT, LLC AND WERNER ENTERPRISES, INC.<br><br>　　　　　Defendants. | **PROPOSED JURY INSTRUCTIONS** |

　　　　Pursuant to Section 4(c) of the Case Management Order entered by the Court on August 23, 2023 [DE 11], Plaintiffs Jonathan Hull and Hull Logistics, LLC (collectively "Plaintiffs") and Defendants Roy Laumont Pape, ECM Transport, LLC, ("ECM"), and Werner Enterprises, Inc. ("Werner") (collectively "Defendants") jointly submit the following Proposed Jury Instructions in supplementation of the pattern jury instructions set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney [Miscellaneous No. 3:07-MC-47; Doc. No. 5].

　　　　Counsel for the parties have endeavored to reach agreement on the following. Where they have been unable to reach agreement, they have proposed alternative instructions and noted their objections. Counsel for the parties reserve the right to modify or supplement this request based upon the evidence presented at trial.

1

**O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Sixth Ed.**

Additional General Instructions

    1.  § 103.12 – All Persons Equal Before the Law - Organizations

    2.  § 104.40 – Expert Witnesses

    3.  § 105.02 – Use of Depositions as Evidence

**North Carolina Pattern Jury Instructions for Civil Cases**

Specific Instructions

    4.  § 101.60 – Issues

**North Carolina Pattern Jury Instructions for Motor Vehicle Negligence**

Compensatory Damages (Personal Injury)

    5.  § 102.10A - Negligence Issue- Stipulation of Negligence

    6.  § 103.10 Agency Issue-Burden of Proof-When Principal Is Liable

    7.  § 106.00 – Personal Injury Damages – Issue and Burden of Proof

    8.  § 106.02 – In General

    9.  § 810.04C (N.C.P.I. Civil) – Medical Expenses

    10. § 106.06 Personal Injury Damages--Loss of Earnings

    11. § 106.08 – Pain and Suffering

    12. § 106.12 Personal Injury Damages--Loss (Of Use) of Part of the Body

    13. § 106.14 Personal Injury Damages-Permanent Injury

    14. § 106.16 – Future Worth in Present Value

    15. § 106.19 – Jury to Consider Only Matters in Evidence

    16. § 106.20 – Final Mandate

    17. § 106.22 – Personal Injury Damages—Final Mandate (Per Diem Argument By Counsel)

18. § 106.67 Damages For Loss of Use of Vehicle--Measure of Damages

19. § 106.68 Property Damages--Final Mandate

**All Persons Equal Before the Law – Organizations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.[1]

---

[1] Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice and Instructions – Civil, § 103.12 (6th ed. 2011).

## Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion. is outweighed by other evidence, you may disregard the opinion entirely.[2]

---

[2] Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice and Instructions – Civil, § 104.40 (6th ed. 2011).

## Use of Depositions as Evidence

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[3]

6

## Issues

As I have already indicated, your verdict will take the form of answers to certain questions or issues.

These issues are as follows:

1. Did the negligence of Roy Pape, Werner Enterprises, Inc. and ECM Transport, LLC proximately cause Plaintiff Jonathan Hull's claimed injuries?

2. Was Roy Pape the agent of Defendants Werner Enterprises, Inc. and ECM Transport, LLC at the time of the October 22, 2021 accident?[4]

3. If you answered questions one and two in the affirmative, what amount is Plaintiff Jonathan Hull entitled to recover as damages?

I will discuss the issues one at a time and explain the law of which you should consider as you deliberate upon your verdict.[5]

---

[3] Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice and Instructions – Civil, § 105.02 (6th ed. 2011).

[4] Plaintiffs have requested N.C.P.I. Civil Instruction 103.10, which would require the inclusion of Issue 2. Defendants object to Instruction 103.10 as irrelevant in light of Defendants' admission of agency as noted below.

[5] N.C.P.I. Civil 101.60.

### Negligence Issue – Stipulation of Negligence

The first issue reads:

"Did the negligence of Roy Pape, Werner Enterprises, Inc. and ECM Transport, LLC proximately cause Plaintiff Jonathan Hull's claimed injuries?"

Negligence refers to a person's failure to follow a duty of conduct imposed by law. The defendants have stipulated and agreed that Roy Pape was negligent in the operation of his motor vehicle, but deny that his negligence was the proximate cause of the plaintiff's injury.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendants' negligence was the proximate cause of the plaintiff's injury.

Proximate cause is a cause which in a natural and continuous sequence produces a person's injury, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.

There may be more than one proximate cause of an injury. There may be more than one proximate cause of an injury. Therefore, the plaintiff need not prove that the defendant's negligence was the sole proximate cause of the injury. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's negligence was a proximate cause.

Finally, as to this first issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence, that the negligence of the defendant Roy Pape, in the operation of his motor vehicle was a proximate cause of the plaintiff's injury, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

However, if you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.[6]

## Agency Issue—Burden of Proof—When Principal Is Liable[7]

This issue reads:

"Was Roy Pape the agent of Defendants Werner Enterprises, Inc. and ECM Transport, LLC at the time of the October 22, 2021 accident?"

You will answer this issue only if you have answered Issue 1 "Yes" in favor of the plaintiff.

Agency is the relationship which results when one person, called the principal, authorizes another person, called the agent, to act for the principal. This relationship may be created by word of mouth, or by writing, or may be implied from conduct amounting to consent or acquiescence. A principal is liable to third persons for the negligence of its agent in the transaction of the principal's business if the agent himself is liable.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the following three things:

First, that there was a principal-agent relationship between Werner Enterprises, Inc., ECM Transport, LLC, and Roy Pape at the time of the accident.

Second, that Roy Pape was engaged in the work, and was about the business of Werner Enterprises, Inc. and ECM Transport, LLC at the time of the accident.

Third, that the business in which Roy Pape was engaged at the time was within the course and scope of his authority or employment. It would be within the course and scope of Roy Pape's authority or employment if it was done in furtherance of the business of Werner Enterprises, Inc. and ECM Transport, LLC, or was incident to the performance of duties entrusted to Roy Pape, or

---

[6] N.C.P.I. Motor Vehicle Negligence 102.10A.
[7] Plaintiffs have requested this instruction. Defendants object to this instructions as irrelevant given Defendants' admission of agency.

was done in carrying out a direction or order of Werner Enterprises, Inc. and ECM Transport, LLC, and was intended to accomplish the purposes of the agency.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that there was a principal-agent relationship between Werner, ECM, and Roy Pape at the time of the accident, that Pape was engaged in the work, and was about the business of Werner and ECM at the time of the accident, and that the business in which Pape was engaged at the time was within the course and scope of his authority or employment, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.[8]

---

[8] N.C.P.I. Motor Vehicle Negligence 103.10.

**Personal Injury Damages – Issue and Burden of Proof**

The third issue reads:

"What amount is Plaintiff Jonathan Hull entitled to recover as damages?"

If you have answered the first issue "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages proximately caused by the negligence of the defendants.[9]

---

[9] N.C.P.I. Motor Vehicle Negligence 106.00

## Personal Injury Damages – In General

Actual damages are the fair compensation to be awarded to a person for any injury proximately caused by the negligence of another.

In determining the amount, if any, you award the plaintiff, you will consider the evidence you have heard as to each of the following types of damages:

[Medical expenses]

[Loss of Earnings]

[Pain and suffering]

[Loss of use of part of the body]

[Permanent injury]

The total of all damages are to be awarded in one lump sum. I will now explain the law of damages as it related to each of these.[10]

---

[10] N.C.P.I. Motor Vehicle Negligence 106.02. Plaintiffs are requesting, and Defendants are objecting to, instructions regarding loss of earnings, loss of use of part of the body, and permanent injury.

**Personal Injury Damages – Medical Expenses**

Medical expenses include all hospital, doctor, or pharmacy bills reasonably paid or incurred by the plaintiff as a proximate result of the negligence of the defendants.

To be reasonably incurred, medical expenses must have been: (1) reasonably necessary for the proper treatment of the plaintiff's injury, (2) incurred as a proximate result of the defendants' negligence and (3) reasonable in amount.

To show that the amount of claimed medical expenses is reasonable, the plaintiff must prove by the greater weight of the evidence the amount actually paid for medical services (and the amount necessary to satisfy medical expenses that have not yet been paid). If you find that the plaintiff has proved these amounts, then the law presumes that these amounts are reasonable. I charge you that this presumption is binding on you. This means that if you find by the greater weight of the evidence the amount actually paid for medical services (and the amount necessary to satisfy medical expenses that have not yet been paid), then you also must find that the medical expenses were reasonable in amount.

Additionally, the plaintiff must prove by the greater weight of the evidence that the medical services performed were reasonably necessary for the treatment of plaintiff's injuries and that the services were necessary as a proximate result of the defendant's negligence. I already have instructed you on the definition of proximate cause, and that definition applies equally here.[11]

---

[11] N.C.P.I. Civil 810.04C.

## Personal Injury Damages—Loss of Earnings[12]

Damages for personal injury also include fair compensation for the [past] [present] [future] loss of time from employment, loss from inability to perform ordinary labor, or the reduced capacity to earn money experienced by the plaintiff as a proximate result of the negligence of the defendant.

In determining this amount, you should consider the evidence as to:

[the plaintiff's age and occupation]

[the nature and extent of the plaintiff's employment]

[the value of the plaintiff's services]

[the amount of the plaintiff's income, at the time of *his* injury, from salary, wages or other compensation]

[the effect of the plaintiff's disability or disfigurement on *his* earning capacity

[the plaintiff's loss of profits from *his* business or profession

[the loss of capacity to earn money]

[*specify any other factor supported by the evidence*].

---

[12] Plaintiffs are requesting this instruction. Defendants object to this instruction as unsupported by the evidence.

(The fact that a person [was not working at the time of his injury] [had not yet begun work at the time he was injured] does not, in and of itself, prevent a person from recovering fair compensation for loss of future earning capacity.)[13]

---

[13] N.C.P.I. 106.06.

**Personal Injury Damages – Pain and Suffering**

Damages for personal injury also include fair compensation for the actual physical pain and suffering experienced by the plaintiff as a proximate result of the negligence of the defendants. There is no fixed formula for placing a value on physical pain and mental suffering. You will determine what is fair compensation by applying logic and common sense to the evidence.[14]

**Personal Injury Damages—Loss (of Use) of Part of the Body**[15]

Damages for personal injury also include fair compensation for the (partial) loss of (use of) [*identify part of body affected*) experienced by the plaintiff as a proximate result of the negligence of the defendant. There is no fixed formula for placing a value on the (partial) loss (of use) of part of the body. You must determine what is fair compensation by applying logic and common sense to the evidence. You may consider:

[the extent of any [past] [present] [future disability or handicap proximately caused by the negligence of the defendant]

[any [past] [present] [future inconvenience or hardship proximately caused by the negligence of the defendant]

[(*specify any other factor supported by the evidence*)].

However, the plaintiff is not entitled to recover twice for the same element of damages. Therefore, you should not include any amount you have already allowed for [loss of earnings] [pain and suffering] [scarring or disfigurement] because of the (partial) loss of (use of) (*identify part of body affected*).[16]

---

[14] N.C.P.I. 106.08
[15] Plaintiffs have requested this instruction. Defendants object to this instruction as unsupported by the evidence.
[16] N.C.P.I. 106.12

## Personal Injury Damages—Permanent Injury[17]

Damages for personal injury also include fair compensation for permanent injury. An injury is permanent when any of its effects will continue throughout the plaintiff's life. These effects may include

[medical expenses]

[loss of earnings]

[pain and suffering]

[scarring or disfigurement]

[(partial) loss (of use) of part of the body]

[(*state any other element of damages supported by the evidence*)]

to be incurred or experienced by the plaintiff over *his* life expectancy. However, the plaintiff is not entitled to recover twice for the same element of damages. Therefore, you should not include any amount you have already allowed for [medical expenses] [loss of earnings] [pain and suffering] [scarring or disfigurement] [(partial) loss (of use) of part of the body] because of permanent injury.

Life expectancy is the period of time the plaintiff may reasonably be expected to live. The life expectancy tables are in evidence. They show that for someone of the plaintiff's present age, (*state present age*), *his* life expectancy is (*state expectancy*) years.

---

[17] Plaintiffs have requested this instruction. Defendants object to this instruction as unsupported by the evidence.

In determining the plaintiff's life expectancy, you will consider not only these tables, but also all other evidence as to *his* health, *his* constitution and *his* habits. [18]

---

[18] N.C.P.I. 106.14.

**Personal Injury Damages – Future Worth in Present Value**

Any amount you allow as future damages must be reduced to its present value, because a smaller sum received now is equal to a larger sum received in the future.[19]

**Personal Injury Damages – Jury to Consider Only Matters in Evidence**

Members of the jury, if you reach this issue, I want to caution you that you are not to mention, discuss, or consider in any respect, any matter that is not in evidence in this case or which does not arise as a reasonable inference from the evidence in this case in arriving at the amount of damages you award. This is most important because your consideration of such matters would have to be based on speculation, and might well be inaccurate, and could result in an injustice to one party or the other. Also, for you to consider or speculate on any matter not in evidence or not reasonably inferred from the evidence in arriving at the amount of damages would be a violation of your oath as a juror which binds you to follow the law as given to you by the Court in arriving at your verdict. The appropriate measure of damages in this case has been given to you by the Court as provided by law and you should consider this measure only.[20]

---

[19] N.C.P.I. Motor Vehicle Negligence 106.16.
[20] N.C.P.I. Motor Vehicle Negligence 106.19.

**Personal Injury Damages – Final Mandate**

I instruct you that your findings on this second issue must be based on the evidence and the rules of law I have given you with respect to the measure of damages. You are not required to accept the amount of damages suggested by the parties or their attorneys.

Your award must be fair and just. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity. Finally, as to this second issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages proximately caused by the negligence of the defendants, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail so to find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.[21]

**Personal Injury Damages—Final Mandate (Per Diem Argument by Counsel)[22]**

(*Use this instruction in place of 106.20 when a per diem argument has been made*.)

I instruct you that your findings on this (*state number*) issue must be based on the evidence and the rules of law I have given you with respect to the measure of damages. You are not required to accept the amount of damages suggested by the parties or their attorneys.

An attorney is allowed to suggest an amount of damages and therefore can suggest an amount for each (*specify unit(s) of time, e.g., day, hour or minute*) of physical pain or mental suffering. However, I instruct you that there is no fixed mathematical formula for computing damages for physical pain or mental suffering. Furthermore, an attorney's argument is not evidence but is merely an approach to the damage issue which you may consider but need not adopt.[1]

Your award must be fair and just. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally, as to this (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages proximately caused by the negligence of the defendant, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.[23]

---

[21] N.C.P.I. Motor Vehicle Negligence 106.20.
[22] Plaintiffs have requested this instruction. Defendants object to this instruction as unsupported by the evidence.
[23] N.C.P.I. 106.22.

## Damages For Loss Of Use Of Vehicle—Measure Of Damages[24]

The (*state number*) issue reads:

"What amount is the plaintiff entitled to recover for loss of use of *his* (*describe vehicle*)?"

The plaintiff's actual property damages may also include compensation for the loss of use of *his* vehicle. (*Here give the applicable alternative statement (give only one):*)

[*Repairs possible at reasonable cost in reasonable time*. When a vehicle, damaged by the negligence of another, can be repaired at a reasonable cost and within a reasonable time, the owner may recover for the loss of its use. The measure of such damages is the cost of renting a similar vehicle during a reasonable period for repairs (whether or not the owner actually rented such a similar vehicle).

[*Repairs possible at reasonable cost in reasonable time. (Use if plaintiff is a lease holder.)*[3] When a vehicle, damaged by the negligence of another, can be repaired at a reasonable cost and within a reasonable time, the lease holder may recover for the loss of its use. The measure of such damages is the cost of renting a similar vehicle during a reasonable period for repairs (whether or not the lease holder actually rented such a similar vehicle).]

[*Total destruction or repairs improvident*. When a vehicle, by the negligence of another, is totally destroyed as a conveyance (or if for some reason repairs would be so long delayed as to be improvident), the owner may recover for loss of use only if a substitute vehicle is not immediately obtainable. If a substitute is not immediately obtainable, the owner may recover for loss of use during the period reasonably necessary to acquire a substitute. The measure of such

---

[24] Plaintiffs have requested this instruction. Defendants object to this instruction as unsupported by the evidence.

damages is the cost of renting a similar vehicle during such period (whether or not the owner actually rented such a similar vehicle).

[*Owner elects to replace repairable vehicle*. When a vehicle, damaged by the negligence of another, can be repaired at a reasonable cost and within a reasonable time, but the owner elects to replace it by acquiring a substitute vehicle, the owner may recover for loss of use during the time reasonably required to make repairs or to acquire the substitute, whichever is shorter. The measure of such damages is the cost of renting a similar vehicle during such period].

*NOTE WELL: When the evidence satisfies the conditions described in Amerson v. Willis, 109 N.C. App. 297, 299, 426 S.E.2d 428, 429 (1993) (citing Roberts v. Pilot Freight Carriers, Inc., 273 N.C. 600, 607, 160 S.E.2d 712, 718 (1968)), the appropriate measure of the plaintiff's actual property damage may include damages for lost profits rather than for loss of use.*

*If so justified by the evidence, one of the applicable alternative statements should be given first and the following paragraph should be read second.*

(In such a situation, if the owner proves that *he* made a reasonable effort to obtain a substitute vehicle but was unable to do so within the area reasonably related to *his* business, and further proves with reasonable certainty the profits *he* lost through inability to use the vehicle, then *he* may recover, in place of the cost of rental, such profits lost during a reasonable period within which to [make repairs] [obtain a substitute not immediately obtainable].)[25]

---

[25] N.C.P.I. 106.67.

**Property Damages—Final Mandate[26]**

      Finally, as to the (*state number*) issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of actual property damages proximately caused by the negligence of the defendant, then it would be your duty to write that amount in the blank space provided.

      If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.[27]

      This the 2nd day of August, 2024.

---

[26] Plaintiffs have requested this instruction. Defendants object to this instruction as unsupported by the evidence.

[27] N.C.P.I. 106.68.

YOUNG MOORE AND HENDERSON, P.A.


By:     /s/ Anderson H. Phillips
        DAVID M. DUKE
        State Bar No. 12388
        ANDERSON H. PHILLIPS
        State Bar No. 52343
        P.O. Box 31627
        Raleigh, NC  27622
        Phone: (919) 782-6860
        david.duke@youngmoorelaw.com
        anderson.phillips@youngmoorelaw.com
        *Attorneys for Defendants*


THE COUNCIL LAW FIRM


By:     /s/ Ben Council
        Ben Council
        419 S. Salcedo St., Suite 2
        New Orleans, LA 70119
        (504) 822-8350
        Ben@thecoucillawfirm.com


HUNTER & EVERAGE PLLC

Charles Ali Everage
P.O. Box 25555
Charlotte, NC 28229
Phone: (704) 377-9157
cae@hunter-everage.com
*Attorneys for Plaintiffs*

28

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing document upon all counsel of record with the Clerk of Court using the CM/ECF system.

This the 2nd day of August, 2024.

YOUNG MOORE AND HENDERSON, P.A.

By:    /s/ Anderson H. Phillips
        David M. Duke
        State Bar No. 12388
        Anderson H. Phillips
        State Bar No. 52343
        Raleigh, NC 27622
        Phone: (919) 782-6860
        david.duke@youngmoorelaw.com
        anderson.phillips@youngmoorelaw.com
        *Attorneys for Defendants*

Served on:

THE COUNCIL LAW FIRM

Ben Council
419 S. Salcedo St., Suite 2
New Orleans, LA 70119
(504) 822-8350
Ben@thecoucillawfirm.com

HUNTER & EVERAGE PLLC

Charles Ali Everage
P.O. Box 25555
Charlotte, NC 28229
Phone: (704) 377-9157
cae@hunter-everage.com
*Attorneys for Plaintiffs*

29